IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00116-PAB-BNB

GINA POTTER,

Plaintiff,

v.

SALIDA POLICE DEPARTMENT,
OFFICER RUSSELL JOHNSON,
ANNA MARIE SMITH, an individual, and
DTJ INVESTMENT, LLC, d/b/a Comfort Inn,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

By an Order dated March 13, 2013 [Doc. #16], I allowed the plaintiff's lawyer to withdraw; cautioned the plaintiff that she personally is responsible for complying with all court orders and time limitations established by any applicable rules; granted the plaintiff an extension of time to and including May 31, 2013, within which to make service of process; and set a scheduling conference for July 17, 2013, at 9:00 a.m.  I also required the parties, in anticipation of the scheduling conference, to prepare a proposed scheduling order and submit it to the court on or before July 10, 2013.

I attempted to hold the scheduling conference on July 17, 2013.  Counsel for defendants Smith and DTJ appeared, but the plaintiff did not.  The plaintiff also failed to participate in the preparation of the proposed scheduling order, and there was no indication in the record that defendant Russell Johnson had been served.

Pursuant to local rule of practice 41.1, D.C.COLO.LCivR,[1] I ordered the plaintiff to show cause in writing and on or before July 31, 2013, why this case should not be dismissed for lack of prosecution and failure to comply with the Order [Doc. #16]. The plaintiff responded [Doc. #27] by stating that her efforts to find another attorney have been thwarted by lack of funds; she is busy with another court case; and she is finalizing her divorce. These excuses do not demonstrate good cause for failing to prosecute this case and for failing to comply with my order, especially in light of the fact that I specifically told the plaintiff that she is responsible for complying with all court orders and time limitations.

I respectfully RECOMMEND that the Complaint be DISMISSED WITHOUT PREJUDICE for lack of prosecution and for failure to comply with an order of the court.[2]

---

[1]Local rule of practice 41.1, D.C.COLO.LCivR, provides:
> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

[2]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 22, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge