IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00116-PAB-BNB

GINA POTTER,

    Plaintiff,

v.

SALIDA POLICE DEPARTMENT OFFICER RUSSELL JOHNSON,
ANNA MARIE SMITH, an individual, and
DTJ INVESTMENT, LLC, d/b/a Comfort Inn,

    Defendants.

# ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 30] (the "Recommendation") filed on August 22, 2013. Magistrate Judge Boyd N. Boland recommends that this case be dismissed without prejudice pursuant to local rule 41.1 for lack of prosecution and failure to comply with his March 13, 2013 Order [Docket No. 16]. *See* Docket No. 30 at 2; D.C.Colo.LCivR 41.1. On September 6, 2013, plaintiff Gina Potter filed timely objections to the Recommendation. Docket No. 31. The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In light of plaintiff's pro se status, the Court construes her filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff brought this case on January 17, 2013, alleging violations of the Fourth

Amendment against Officer Russell Johnson in his individual capacity and a claim for abuse of process against defendants Anna Marie Smith and DTJ Investment, LLC, doing business as Comfort Inn ("DTJ"). Docket No. 1 at 4-7, ¶¶ 19-40. A scheduling conference was set for April 8, 2013. Docket No. 5. On March 13, 2013, the magistrate judge granted plaintiff's counsel's motion to withdraw. Docket No. 16. The magistrate judge cautioned plaintiff that she was "personally [] responsible for complying with all court orders and time limitations established by any applicable rules" and cited Local Rule 83.3D (now D.C.Colo.LAttyR 5(b)). Docket No. 16 at 1, ¶ 2; *see* former D.C.Colo.LCivR 83.3D ("Notice to the attorney's client must include the warning that the client personally is responsible for complying with all court orders and time limitations established by any applicable rules."). The magistrate judge granted plaintiff an extension of time through May 31, 2013 in which to serve all defendants. Docket No. 16 at 1, ¶ 3. The magistrate judge also reset the scheduling conference for July 17, 2013 and ordered the parties to prepare and file a proposed scheduling order on or before July 10, 2013. Docket No. 16 at 1-2, ¶ 4.

On July 16, 2013, plaintiff filed an emergency motion for extension of time and to reset the scheduling conference [Docket No. 22], wherein plaintiff requested an extension of sixty to ninety days in order to secure representation and to finish litigation in a separate proceeding. Docket No. 22 at 1-2. Plaintiff stated that she was financially exhausted and emotionally devastated as a result of her involvement in other legal disputes, which she characterized as the "direct repercussions" of defendants' actions. *Id*. at 1, ¶ 2.

On July 17, 2013, plaintiff failed to appear at the scheduling conference. Docket

No. 20. The magistrate judge issued an Order to Show Cause [Docket No. 21] why the case should not be dismissed for plaintiff's failure to prosecute and failure to comply with the March 13, 2013 Order. Docket No. 21. The magistrate judge did not rule on plaintiff's emergency motion. On July 31, 2013, plaintiff timely responded to the Order to Show Cause, attributing the above failures to her inability to secure legal representation due to lack of funds; her obligation to defend herself in a pending criminal case; and her involvement in ongoing divorce and custody proceedings. Docket No. 27 at 1.

On August 22, 2013, the magistrate judge issued the Recommendation that, as noted earlier, recommends dismissal of this case without prejudice. Docket No. 30 at 2. On September 6, 2013, plaintiff filed timely objections to the Recommendation. Docket No. 31. Unlike her response to the Order to Show Cause, which was one page in length, her objections describe in some detail the events that have diverted her attention from prosecuting this case. Docket No. 31. Specifically, she states that she has been defending herself in a criminal action for third-degree assault, currently set for trial on September 23, 2013, Docket No. 31 at 4, ¶ 19; that she was involved in divorce and custody litigation, which was not finalized until July 10, 2013, straining her finances, Docket No. 31 at 5, ¶ 28; and that, on August 20, 2013, she filed a motion to obtain counsel through the Court's Pro Bono Pilot Program, but has not yet been assigned counsel. Docket No. 31 at 5, ¶ 32. Plaintiff attaches a proof of service indicating that she hired a process server who served Officer Johnson on May 31, 2013.[1] Docket No.

---

[1] The proof of service indicates that process was left at the Salida Police Department with Police Chief Terry Clark. Docket No. 31 at 9. "A signed return of

3

31 at 9. Plaintiff admits to unintentionally missing the July 10, 2013 deadline for filing a proposed scheduling order and apologizes for the inconvenience she has caused. Docket No. 31 at 5-6, ¶¶ 37, 40. Finally, she requests that the Court appoint counsel to represent her. Docket No. 31 at 6, ¶ 41. Plaintiff should have provided all of these details in her response to the Order to Show Cause. Nevertheless, based upon her pro se status and the nature of the information, the Court will consider this information.

In deciding whether to dismiss a case, a court should be guided by a number of factors, including "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *AdvantEdge Business Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 n.2 (10th Cir. 2009) (internal citations omitted). Dismissal "represents an extreme sanction appropriate only in cases of willful misconduct" where the "aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920, 921 (10th Cir. 1992) (internal citations omitted).

The first factor weighs against plaintiff because defendants Smith and DTJ, the only defendants who had been served by the time of the scheduling conference, have been prejudiced by (1) plaintiff's failure to assist in preparing a proposed scheduling order, *see* Docket No. 19; (2) plaintiff's failure to respond to meet and confer with

---

service . . . constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence." *See Gates v. Syrian Arab Republic*, 646 F. Supp. 2d 79, 85-86 (D.D.C. 2009).

defendants regarding discovery, *see* Docket No. 19 at 3, ¶ 6(a); and (3) plaintiff's failure to appear at the scheduling conference. *See* Docket No. 20.

The second factor likewise weighs against plaintiff, as the Court has been unable to ensure compliance with the Federal Rules of Civil Procedure, the local rules, and its own orders, and the magistrate judge has been required to issue an order to show cause. *See Conyac v. Noonan*, No. 11-cv-02730-PAB-CBS, 2013 WL 4434369, at *5 (D. Colo. Aug. 16, 2013) (finding prejudice to Court where "[p]rogress toward the resolution of [the] case has been brought to a standstill"); *see also Ehrenhaus*, 965 F.2d at 921 (noting that, if a party "could ignore court orders [] without suffering the consequences, then [the district court] cannot administer orderly justice, and the result would be chaos.") (internal citations omitted).

The third factor weighs slightly in plaintiff's favor, as it appears that she has not willfully abandoned her claims, but has been unable to effectively prosecute them due to an inability to retain counsel and the need to participate in two concurrent legal proceedings. *See* Docket no. 31 at 4-6. Plaintiff has demonstrated her intent to pursue her claims by hiring a process server to serve defendants within the allotted time frame, *see* Docket Nos. 24-26; filing an emergency motion to postpone the scheduling conference, albeit the day before the appointed date, *see* Docket No. 22; requesting appointment of pro bono counsel, Docket No. 28; timely responding to the magistrate judge's Order to Show Cause, *see* Docket No. 27; and timely objecting to the Recommendation. *See* Docket No. 31; *see also* Docket No. 31 at 5, ¶ 37 ("Plaintiff admits to *unintentionally missing* . . . the deadline to prepare a proposed scheduling

5

order, due on or before July 10th 2013 as ordered by Judge Boland on 3-13-2013.").

The fourth factor weighs slightly in plaintiff's favor. The magistrate judge cautioned plaintiff at the time her attorney withdrew that she was responsible for complying with applicable deadlines. Docket No. 16 at 1, ¶ 2. However, this warning did not indicate that dismissal might result from the failure to comply. *See id*. Once the risk of dismissal was made apparent, plaintiff acted promptly to avert this extreme result. *See* Docket No. 27; *compare with Coad v. Waters*, No. 11-cv-01564-PAB-CBS, 2013 WL 1767788, at *5 (D. Colo. Apr. 5, 2013) (recommending dismissal where plaintiff failed to respond to Order to Show Cause for failure to prosecute) (adopted by 2013 WL 1767786 (D. Colo. Apr. 24, 2013)).

Finally, given that plaintiff has manifested her intent to pursue this litigation and given that the external events that have interfered with her ability to do so appear to be subsiding, it is likely that a lesser sanction would suffice to ensure plaintiff's compliance with all future deadlines and Court orders. *See* Docket No. 31 at 4, ¶ 19 ("Plaintiff has a trial Prep for [criminal] charges on 9-19-13 and Jury trial on 9-23-13 in El Paso County, which Plaintiff must prepare for"); Docket No. 31 at 5, ¶ 28 ("The Permanent orders [regarding divorce and child custody] that were scheduled for April 18th and 19th, were not completed at the time of the hearing and was [sic] not finalized until July 10th, 2013, which put Plaintiff in severe position of financial hardship.").

Consideration of the relevant statute of limitations also weighs in plaintiff's favor. Local Rule 41.1 provides that:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not

>shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.Colo.LCivR 41.1. The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *AdvantEdge Business Grp.*, 552 F.3d at 1236. The Court notes that plaintiff brings her claims against Officer Johnson pursuant to 42 U.S.C. § 1983. Docket No. 1 at 4-5, ¶¶ 21, 29. Section 1983 claims are subject to the most appropriate state statute of limitations. *Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). Colorado law provides a two-year statute of limitations for actions brought pursuant to § 1983. *See* Colo. Rev. Stat. §§ 13-80-102(g), (i) (establishing a two-year limitation period for "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "[a]ll other actions of every kind for which no other period of limitation is provided"); *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued").

"Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of [her] action." *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) (internal quotation marks and citation omitted). Plaintiff alleges that the events that form the basis of her claims against Officer Johnson took place on January 17, 2011. Docket No. 1 at 3-4, ¶¶ 11, 14-16. While plaintiff has not addressed the possible

running of a statute of limitations, the two-year statute of limitations for her claims against Officer Johnson apparently began to run on January 17, 2011, and thus these claims could be barred should this case be dismissed even without prejudice.

Since three of the five factors tip in plaintiff's favor, the Court finds that the "extreme sanction" of dismissal is not warranted.  *See Ehrenhaus,* 965 F.2d at 920. Furthermore, plaintiff is now fully aware of the consequences that may come with violating deadlines and other litigation obligations.  Wherefore, it is

**ORDERED** that Plaintiff's Objection [Docket No. 31] is SUSTAINED and the Recommendation of United States Magistrate Judge [Docket No. 30] is OVERRULED.

DATED February 20, 2014.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge