IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action 1:13-cv-00116-PAB-NYW

GINA POTTER,[1]

                Plaintiff,

v

SALIDA POLICE DEPARTMENT OFFICER RUSSELL JOHNSON,
ANNA MARIE SMITH,
DTJ INVESTMENT, LLC d/b/a COMFORT INN,

                Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Nina Y. Wang

      This matter comes before the court on Defendant Russell Johnson's Motion to Dismiss [#36] due to insufficient process and insufficient service of process, filed on March 3, 2014. This motion was referred to the Magistrate Judge pursuant to the Order of Reference dated March 11, 2014.  [#37].

      The court has carefully considered the motions and related briefing, the entire case file, and the applicable case law.  For the following reasons, I RECOMMEND that Defendant Russell Johnson's Motion to Dismiss be DENIED, but ORDER the Plaintiff to Show Cause why this action should not be dismissed for want of prosecution.

---

[1] On October 13, 2013, Plaintiff filed a Notice of Name Change and Address.  [#32].  The address has been corrected on the docket to reflect her new address on Red Feather Drive.  However, because the docket, and the pending Motion to Dismiss [#36] continue to refer to the Plaintiff as "Gina Potter," I will also continue to refer to her by the surname "Potter."

## BACKGROUND

The following alleged facts give rise to this action, and are recited from the Complaint. On January 16 2011, Plaintiff Gina Potter ("Plaintiff" or "Ms. Potter") stayed at a Comfort Inn hotel in Salida, Colorado. [#1, ¶ 10]. In the early morning hours of January 17, Defendant Russell Johnson ("Officer Johnson") arrived at the Comfort Inn to perform a welfare check on her. [*Id.* at ¶ 11]. Defendant Anne Marie Smith ("Defendant Smith" or "Ms. Smith"), an employee of the Comfort Inn, granted Officer Johnson entry into Ms. Potter's room [*Id.*] After Officer Johnson left, Ms. Potter complained to Ms. Smith about the entry into her room. [*Id.* at ¶ 12]. Ms. Smith then called the police a second time, and reported that Ms. Potter was "out of control." [*Id.*] Upon his return to the Comfort Inn, Officer Johnson began screaming at her. [*Id.* at ¶ 14]. When Ms. Potter indicated that she was going to get into her truck, Officer Johnson followed her, and a physical confrontation ensued. [*Id.* at ¶ 16]. During that confrontation, Officer Johnson forcefully yanked her out of her truck, causing Ms. Potter physical injury and resulting in an arrest for driving under the influence ("DUI charge") (despite the fact that she had not been driving). [*Id.*] Ultimately, on January 23, 2012, Ms. Potter was acquitted of the DUI charge, despite the fact that both Officer Johnson and Ms. Smith testified untruthfully. [*Id* at ¶ 18].

Ms. Potter filed her Complaint in this action on January 17, 2013 [#1], claiming violations of her Fourth Amendment rights against Officer Johnson pursuant to 42 U.S.C. § 1983 and abuse of process against Ms. Smith and Defendant DTJ Investment LLC d/b/a Comfort Inn ("Comfort Inn"). Just a few weeks after the filing, Ms. Potter's counsel sought to withdraw from representation, explaining that he "was hired by Ms. Potter to prepare and file the complaint in the instant case, with the understanding that Ms. Potter would have to find alternative counsel to

litigate this matter." [#6, at 1].   On March 13, 2013, after briefing and a hearing, the court granted Ms. Potter's counsel leave to withdraw ("Withdrawal Order").   [#16].   The Withdrawal Order cautioned Ms. Potter that, due to her *pro se* status, she was personally responsible for complying with all court orders and time limitations established by any applicable rules.   [*Id.*]   In that same order, the court granted Ms. Potter an extension up to and including May 31, 2013 to effect service of process on all Defendants and set a Scheduling Conference for July 17, 2013. [*Id.*]

On June 19, 2013, Comfort Inn and Ms. Smith answered Plaintiff Ms. Potter's Complaint.   [#17].   Officer Johnson, however, did not answer or otherwise respond to the Complaint.   On July 16, 2013, Plaintiff Ms. Potter filed an emergency motion for extension of time and to reset the scheduling conference set for the following day.   [#22].   Ms. Potter requested an extension of sixty to ninety days in order to secure representation and to finish litigation in a separate proceeding.   [*Id.* at 1-2].   In support of her request, Plaintiff stated that she was financially exhausted and emotionally devastated as a result of her involvement in other legal disputes, which she characterized as the "direct repercussions" of defendants' actions.   [*Id.*]

The following day at the appointed time, the court held a scheduling conference in this matter.   [#20].   Ms. Potter did not appear, and the court noted that no proof of service as to Officer Johnson had yet been filed with the court.   [*Id.*].   Moreover, Ms. Potter did not participate in preparation of the joint prepared scheduling order.   [*Id.*]   In light of Ms. Potter's failure to effect timely service on all Defendants and otherwise comply with the court's prior Withdrawal Order, the court subsequently accordingly issued an Order directing Plaintiff Ms. Potter to "show cause, if any there be, in writing and on or before July 31, 2013 . . . for lack of prosecution" and failure to comply with the Court's prior withdrawal Order.   [#21] ("Show Cause Order").

3

On July 26, 2013, Ms. Potter filed an affidavit of service executed by Plaintiff's process server, indicating that the Summons, Complaint, and Civil Cover Sheet in this action had been left at the Salida Police Department on May 31, 2013 with Chief Terry Clark.  [#25].  The affidavit indicates that the process server was told by Mr. Clark that Defendant Mr. Johnson was on vacation and would not be returning to work until June 10, 2013.  [*Id.*]  The next day, Ms. Potter responded to the court's Show Cause Order.  [# 27].  She indicated that she was interested in prosecuting the claims raised by her Complaint, but had been hindered in doing so by her desire to find substitute counsel.  [#27].  Ms. Potter also suggested that her "attention ha[d] also been focused on "other life events," including defending herself against the DUI charge and finalizing a divorce involving minor children.  [*Id.*]

On August 22, 2013, Magistrate Judge Boland  recommended that the case be dismissed without prejudice for lack of prosecution, and failure to comply with the court's Withdrawal Order.  [#30].  On September 6, 2013, Ms. Potter timely objected to the Judge Boland's recommendation.  [#31].  Judge Brimmer sustained Plaintiff's objection by Order dated February 20, 2014 (the "February 20 Order") [#33].  The court found that "given that plaintiff has manifested her intent to pursue this litigation and given that the external events that have interfered with her ability to do so appear to be subsiding, it is likely that a lesser sanction would suffice to ensure plaintiff's compliance with all future deadlines and Court orders."  [*Id.* at 6].  Of particular note to the instant disposition, the February 20 Order noted the widely the well-recognized principle that "'[a] signed return of service . . . constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence.'"  [*Id.* at 4-5 n.1 (*citing Gates v. Syrian Arab Republic*, 646 F. Supp. 2d 79, 85-86 (D.D.C. 2009)].

On March 3, 2014, Defendant Mr. Johnson filed the Motion to Dismiss on the ground of improper service [#36] that is the subject of this Recommendation. Ms. Potter did not respond.

### STANDARD OF REVIEW

The court may dismiss an action pursuant to Rule 12(b)(5) for insufficient service of process.  "Effectuation of service is a precondition to suit…" *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998).  Without proof of service, the Court lacks personal jurisdiction over the Defendant.  *Oklahoma Radio Associates v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992). A "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint."  5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 3D § 1353.  In opposing a motion to dismiss for insufficient service of process, "plaintiff bears the burden of making a *prima facie* case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant." *Allen v. United Properties & Const.*, No. 07-cv-00214-LTB-CBS, 2008 WL 4080035, at *9 (D. Colo. Sept. 3, 2008) (unpublished) (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008). Plaintiff must demonstrate that the procedure employed by him to effect service satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure.  *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987).  Even without a showing of good cause, the court retains broad discretion to extend the time for service even when the plaintiff has not shown good cause.  Fed. R. Civ. P. 5(m); *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995).

### ANALYSIS

**I.    Applicable Rule**

Under Rule 4 of the Federal Rules of Civil Procedure, service of process on an individual requires personal delivery of the summons and complaint to (1) the individual sought to be

5

served, (2) the residence of that individual, if left with a person over the age of 18 who also

resides there; or (3) the agent of the individual.  Fed. R. Civ. P. 4(e)(2).  The Rule also provides

that service may also be made on an individual pursuant to the law of the state in which the

district court presiding over the action is located, or the state in which service is made—*i.e.*, in

the instant case, Colorado.   Pursuant to Colorado Rule of Civil Procedure 4(e), service of

summons upon an individual can be made "by delivering a copy thereof to the person, or by

leaving a copy thereof at the person's usual place of abode, with any person whose age is

eighteen years or older and who is a member of the person's family, *or at the person's usual*

*workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human*

*resources representative or managing agent*; or by delivering a copy to a person authorized by

appointment or by law to receive service of process."  C.R.C.P. 4(e)(1) (emphasis added).

A "signed return of service constitutes *prima facie* evidence of valid service, which can

be overcome only by strong and convincing evidence.'"  *Homer v. Jones–Bey*, 415 F.3d 748, 752

(7th Cir. 2005) (quoting *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir.

1993)).  Moreover, on a Rule 12(b)(5) motion to dismiss for insufficient service, the plaintiff

"has the 'advantage of having the facts resolved in its favor.'"  *Montgomery, Zukerman, Davis,*

*Inc. v. Diepenbrock*, 698 F. Supp. 1453, 1459 (S.D. Ind. 1988), quoting *Captain International*

*Industries, Inc. v. Westbury, Chicago, Inc.,* 416 F. Supp. 721, 722 (N.D. Ill. 1975).

## II.    Delivery of Summons and Complaint to Salida Police Chief

Mr. Johnson argues that proper service was not made upon him, because the Summons

and Complaint was not delivered to him personally, but was rather delivered to the Salida Police

Department where it was left with Chief Terry Clark.   [#36, at 5].   While that might be

insufficient under Rule 4(e)(2), Mr. Johnson does not address whether service was improper

under Colorado state law pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure.  Fed.
R. Civ. P. 4(e)(1).

The proof of service filed shows that the Summons and Complaint was delivered to Mr.
Johnson's "usual workplace," the Salida Police Department and left with "Chief Terry Clark."
[#25]. Mr. Johnson admits that Chief Clark proceeded to meet the process server at the police
department's front desk who had "advised that there was a gentlemen at the front desk of the
police department asking for police officer Russell Johnson." [#35, at 5].   And while Officer
Johnson's moving papers and supporting affidavits contain argument and supporting evidence
that might suffice to rebut any presumption that Chief Clark was "authorized by appointment or
law to receive service of process," no showing is made to rebut the plausible inference that Chief
Clark is Mr. Johnson's "supervisor" as contemplated by Rule 4(e)(1) of the Colorado Rules of
Civil Procedure.  C.R.C.P. 4(e)(1).

Moreover, the fact that the process server "did not identify himself as a process server,
nor did he make mention of any lawsuit" [#36, at 5-6] is unavailing.  The text of Rule 4(e)(1) of
the Colorado Rules of Civil Procedure requires only that a copy of the process at issue be "le[ft]"
at the workplace with an employee fitting into any one of a number of express categories.  C.R.
C.P. 4(e)(1) (service can be made "by leaving a copy . . . at the person's usual workplace, with
the person's supervisor, secretary, administrative assistant, bookkeeper, human resources
representative or managing agent.").  The Colorado Supreme Court, in interpreting the delivery
requirement of a processor version of this rule, held that it "clearly by its own terms does not
require" that the delivery contemplated by the rule "be accompanied by a reading aloud of the
documents so served, or by explaining what they are, or by verbally advising the person sought

to be served as to what he or she should do with the papers." *Martin v. District Court In and For Adams County*, 150 Colo. 577, 580 (Colo. 1962).

Based on the record before me, I cannot conclude that there is strong and convincing evidence sufficient to rebut the *prima facie* case for proper service reflected on the face of the process server's affidavit filed with the court by Plaintiff.

### III.    Dismissal for Want of Prosecution

This case was originally filed January 17, 2013.  Now, over two years have elapsed, with no discovery taken in this case.  In addition, Ms. Potter did not respond to the pending Motion to Dismiss; indeed, the last filing made by Ms. Potter was over a year ago, in the form of a Notice of Change of Address/Name.  [#32].  I have confirmed that the docket maintained by the Clerk's Office reflects the address as listed on that form.

Local Rule of Practice 41.1 provides that:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

When the court sustained Ms. Potter's objection to Magistrate Judge Boland's recommendation that the case be dismissed for want of prosecution, it found that "[Plaintiff] has manifested her intent to pursue this litigation and given that the external events that have interfered with her ability to do so appear to be subsiding, it is likely that a lesser sanction would suffice to ensure plaintiff's compliance with all future deadlines and Court orders." [#33 at 6]. The court then observed that "plaintiff is now fully aware of the consequences that may come with violating deadlines and other litigation obligations."  [*Id.* at 7].  But subsequent to the

Court's February 20 Order, Ms. Potter failed to respond to Defendant Johnson's Motion to Dismiss, and no counsel has entered an appearance on her behalf. While sympathetic to the challenges of *pro se* litigants in this court, it is not the proper function of the court to assume the role of advocate for the *pro se* litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, given the circumstances of this case, I further RECOMMEND that the court issue an order to show cause as to why this case should not be dismissed for want of prosecution.

## CONCLUSION

For the foregoing reasons, I RECOMMEND that Defendant Johnson Motion to Dismiss [# 36] be DENIED, but that the court ORDER Plaintiff to Show Cause as to why this case should not be dismissed for want of prosecution.[2]

---

[2]   Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED:  February 26, 2015                    BY THE COURT:

                                             /s/ Nina Y. Wang_____
                                             United States Magistrate Judge